IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON CARRAON VILLARTA,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>  )<br>GARY SWARTHOUT, Warden,  )<br>  )<br>Respondent.  )<br>_____  ) | No. C 10-02619 JW (PR)<br><br>ORDER TO SHOW CAUSE;<br>GRANTING MOTION FOR LEAVE<br>TO PROCEED *IN FORMA PAUPERIS*<br><br><br><br><br><br>(Docket No. 3) |

Petitioner, a California inmate at the Correctional Training Facility in Soledad proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole Hearings ("Board") in 2009. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 3.)

**BACKGROUND**

In 2000, Petitioner was found guilty in Monterey County Superior Court of second degree murder and personal use of a firearm. (Pet. at 2.) Petitioner was sentenced to 17 years in state prison. (Id.) After a parole suitability hearing on July 9, 2009, the Board found Petitioner unsuitable for parole. (Id. at 6 "A".) Petitioner sought habeas relief in the state superior, appellate, and supreme courts, all of which were

denied. (Id. at 5.) Petitioner filed the instant federal petition on June 15, 2010.

## DISCUSSION

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, petitioner claims the following: 1) the Board denied him parole without evidence of his current dangerousness, in violation of due process and equal protection; 2) petitioner was denied his Sixth Amendment right to trial by jury upon the circumstances and combination of circumstances used by the Board to deny parole which were neither charged in the indictment or determined after a jury trial beyond a reasonable doubt; and 3) petitioner was denied his Eighth Amendment right when the Board denied parole for 7 years, which will result in a lengthier term beyond the maximum eligible parole release date. Liberally construed, petitioner's claims appear cognizable under § 2254 and merits an answer from respondent.

## CONCLUSION

1.    The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.10\Villarta02619_osc(parole).wpd

2

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

5. Petitioner's motion for leave to proceed in forma pauperis (Docket No. 3.) is GRANTED.

This order terminates Docket No. 3.

DATED: November 30, 2010

JAMES WARE
United States District Judge

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.10\Villarta02619_osc(parole).wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JACKSON C. VILLARTA,

        Petitioner,

  v.

GARY SWARTHOUT, Warden,

        Respondent.
                                          /

Case Number: CV10-02619 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/1/2010 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jackson Carraon Villarta P-75967
California State Prison, Solano (SOL)
P. O. Box 4000
Vacaville, CA 95696-4000

Dated: 12/1/2010

                                      Richard W. Wieking, Clerk
                                   /s/ By: Elizabeth Garcia, Deputy Clerk