IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON CARRAON VILLARTA,<br><br>　　　　Petitioner,<br>　vs.<br><br>GARY SWARTHOUT, Warden,<br><br>　　　　Respondent. | No. C 10-02619 EJD (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

　　　　Petitioner, a California inmate at the Solano State Prison, seeks a petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the July 2009 denial of parole by the Board of Parole Hearings (the "Board").  The Court found that the petition stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse.  For the reasons discussed below, the Court concludes that Petitioner is not entitled to relief based on the claims presented and denies the petition.

**BACKGROUND**

　　　　The following facts and procedural background are taken from the Petitioner's original federal petition for a writ of habeas corpus, filed on June 15, 2010.  According to the petition, Petitioner was sentenced on April 4, 2000, to seventeen years to life in state

prison after a jury found him guilty of second-degree murder with a firearm enhancement in Monterey County Superior Court. (Pet. at 2.) Petitioner first appealed his conviction in the Court of Appeals and was denied in 2000. (Id.) In 2002, the Supreme Court of California also denied his appeal. (Id.)

After serving nine years of his sentence, Petitioner's initial parole suitability hearing was conducted on July 9, 2009 at California State Prison, Solano, in Vacaville. (Pet. Ex. A.) The hearing began with an introduction and recitation of preliminary issues, followed by Petitioner's specific case factors, pre-commitment factors, post-commitment factors, parole plans, closing statements, a brief recess, and finally, the Board's decision. (Id.) After hearing all the factors, and with statements from Petitioner, his attorney, and the District Attorney to consider, the Board rendered its decision to deny Petitioner's parole for seven years. (Pet. Ex. at 51.)

In September 2009, following the Board's decision, Petitioner sought a writ of habeas corpus challenging the denial in the state superior court, which denied the petition. (Pet. at 4.) Petitioner's state petition was denied by the state appellate court in October 2009. (Id. at 5.) On May 12, 2010, the state supreme court also denied the petition. (Id.) Petitioner filed the instant federal petition on June 15, 2010.

## DISCUSSION

I.   Standard of Review

The instant petition was filed after April 24, 1996 and is therefore governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254. AEDPA imposes significant restrictions on the scope of federal habeas corpus proceedings. Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

In three decisions issued last term, and again in a decision issued this term, the United States Supreme Court vigorously and repeatedly reaffirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. See Hardy v. Cross, 565 U.S. ____, 2011 WL 6141312 (Dec. 12, 2011) (per curiam); Harrington v. Richter, 131 S. Ct. 770, 783–85 (2011); Premo v. Moore, 131 S. Ct. 733, 739–40 (2011); Felkner v. Jackson, 131 S.Ct. 1305 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Felkner, 131 S.Ct. at 1307 (citation omitted).

With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

II. Analysis of Legal Claims

As grounds for federal habeas relief, Petitioner alleges the following: (1) the Board denied Petitioner parole without evidence of his current dangerousness, in violation of due process and equal protection; (2) Petitioner was denied his Sixth Amendment right to

1  trial by jury upon the circumstances and combination of circumstances used by the Board
2  to deny parole suitability which were neither charged in the indictment nor determined
3  after a jury trial beyond a reasonable doubt, and (3) Petitioner was denied his Eighth
4  Amendment right when the Board denied him parole for a total of seven years, resulting
5  in a lengthier term beyond the maximum eligible parole release date.

    A.   Due process and equal protection claim

Petitioner's first claim attacks the Board's decision on due process and equal protection grounds. (Pet. at 6C.) Petitioner claims the Board did not consider some evidence of his current dangerousness in their decision to deny his parole. (Id.) Petitioner claims that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006). In particular, there must be some evidence of the prisoner's future dangerousness to the public. Hayward v. Marshall, 603 F.3d 546, 562 (9th Cir. 2010).

However, Petitioner's claim relies on case law that was overruled by Swarthout v. Cooke, 131 S. Ct. 859 (2011). This decision by the United States Supreme Court has greatly restricted federal habeas relief in connection with California parole eligibility hearings. Id. The Court determined that for the purposes of federal habeas review, a California prisoner is only entitled to "minimal" procedural protections in connection with parole suitability determinations. Id. In the context of parole eligibility decisions, the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision. Roberts v. Hartley, 640 F.3d 1042, 1047 (9th Cir. 2011).

For purposes of federal habeas, as long as an inmate seeking parole receives (1) an opportunity to be heard, (2) a notification of the reasons as to denial of parole, and (3) access to their records in advance, there is no due process violation stemming from a claim that a parole denial did not comply with California's "some evidence" rule of judicial review. Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011); Roberts, 640

F.3d at 1047 (9th Cir. 2011).  Thus, to state a valid claim for relief in federal court, Petitioner must show that the Board denied him an opportunity to be heard, the Board failed to notify him of the reasons for denying his parole, and the Board did not provide access to his records in advance of the hearing.  Id.

First, Petitioner does not argue he was denied an opportunity to be heard.  In fact, during the parole hearing in question, the Presiding Commissioner asked, "Will [Petitioner] be speaking to the Panel today?" to which Petitioner's attorney responded, "He will."  (Pet. Ex. A at 8).

Second, Petitioner was notified of the reasons as to denial of his parole during the reading of the Board's decision.  (Pet. Ex. A).  The reasons for denial were articulated by the Presiding Commissioner during the decision portion of the hearing, which resulted in 14 pages of transcription.  (Pet. Ex. A at 38-52).  The Presiding Commissioner was addressing Petitioner when he said, "the Panel wants to commend you for the positive, [but] on balance the circumstances that make you unsuitable for parole, *which have already been discussed with you*, heavily outweigh the positive aspects of your case." (Pet. Ex. A at 51) (emphasis added).  Petitioner was told he was unsuitable for parole because he remains a present risk of danger if released.  (Id.)

Finally, Petitioner does not provide support showing he was denied access to his records in advance of the hearing.  Instead, Petitioner responded in the affirmative when asked by the Board, "Have you met with your attorney and gone over the rights that you have, and the procedures that we'll be using today, and the factors that this Board considers for your suitability for parole?"  (Pet. Ex. A at 6).

Petitioner has failed to show the three necessary elements to state a due process claim.  See Pearson, 639 F.3d 1185, 1191 (9th Cir. 2011).  In addition, Petitioner's alternative argument that the Board's decision was not based on some evidence of current dangerous is not cognizable under federal law.  See Cooke, 131 S. Ct. 859 (2011).  Accordingly, Petitioner's first claim for relief under due process and equal protection fails.

B.   Sixth Amendment claim

Petitioner's second claim is that the Board unlawfully relied on circumstances neither charged in the indictment nor determined by a jury beyond a reasonable doubt. (Pet. at 6J). The Supreme Court of the United States has established that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000). Petitioner claims that the Board's denial of parole for seven years increased his sentence beyond the prescribed statutory maximum, and therefore, should have been based on circumstances submitted to a jury and proved beyond a reasonable doubt. (Pet. at 6J).

1.   Applicability of *Apprendi* to parole hearings

The Supreme Court articulated the limited nature of the Apprendi decision in Oregon v. Ice, 555 U.S. 160 (2009). There, the Court determined that application of Apprendi and its progeny is limited to sentencing decisions historically reserved for the jury. See Ice, 555 U.S. at 168-69 (denying to extend Apprendi to a state's sentencing system that gives judges discretion to determine facts allowing imposition of consecutive or concurrent sentences for multiple offenses, noting that this determination is not traditionally within the function of the jury). The rule's animating principle is the preservation of the jury's historic role as a bulwark between the State and the accused at the trial for an alleged offense. Id. As such, the Sixth Amendment does not countenance legislative encroachment on the jury's traditional domain. Id.

However, parole hearings are within the purview of the Department of Corrections and the Board of Parole, not the courts or their juries. In re Bowers, 114 Cal. Rptr. 665, 667 (Cal. App. 4th Dist. 1974). The power to grant and revoke parole is vested in the Department of Corrections, not the courts. See Id. In California, "the Board of Prison Terms has the power to allow prisoners... to go upon parole." Cal. Penal Code § 3040. It is the Board of Parole Hearings who meets with each inmate to review the inmate's file, make recommendations, and document activities and conduct pertinent to granting or

1  withholding post-conviction credit. Cal. Penal Code § 3041. On a parole suitability
2  determination, the precise manner in which the specified factors relevant to parole
3  suitability are considered and balanced lies within the discretion of the Board. In re
4  Criscione, 103 Cal. Rptr. 3d 549, 556 (Cal. App. 6th Dist. 2009). Accordingly, the
5  Apprendi jury requirement is not applicable to state parole hearings because parole
6  determinations are not traditionally within the function of the jury. See Apprendi, 530
7  U.S. at 488-90; Ice, 555 U.S. at 168-69.

8  Since Petitioner is challenging his parole hearing, and parole hearings are not
9  traditionally within the function of the jury, he cannot rely on Apprendi and its progeny in
10 claiming the Board violated his Sixth Amendment rights.

2. Prescribed statutory maximum sentence

12 Furthermore, even if the Court assumes that Apprendi did apply to parole hearings,
13 the facts of Petitioner's case do not show that by denying his parole for seven years, the
14 Board increased his sentence beyond the prescribed statutory maximum. For Apprendi to
15 apply, Petitioner's sentence after the Board's denial would need to have been extended
16 beyond the prescribed statutory maximum for his crime. The "statutory maximum" for
17 Apprendi purposes is the maximum sentence a judge could impose based solely on the
18 facts reflected in the jury verdict or admitted by the defendant. Blakely v. Washington,
19 542 U.S. 296, 303-04 (2004). Petitioner was sentenced on April 4, 2000, to seventeen
20 years to life for second degree murder and personal use of a firearm. Assuming seventeen
21 years to life is the maximum sentence, Petitioner's enumerated sentence of seventeen
22 years will be satisfied in approximately 2017, which is seventeen years since he was
23 sentenced in 2000. At that time, the panel or board shall set a release date unless it
24 determines that consideration of public safety requires a more lengthy period of
25 incarceration. See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S.
26 1, 11-16 (1979).

27 The Board's decision denying parole for seven years became final on November 6,
28 2009. Therefore, Petitioner will have an opportunity to be heard by the Board again in

2016. At that time, Petitioner will have served sixteen of his seventeen years to life sentence, such that he will still have at least one year remaining on his enumerated sentence. Therefore, it cannot be said that the denial of parole for seven years had the effect of extending Petitioner's sentence beyond seventeen years to life.

Petitioner has not shown that the state court's rejection of his claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). Accordingly, Petitioner's second claim fails.

### C. Eighth Amendment claim

Petitioner's last claim is that in denying him parole for seven years, the Board violated his Eighth Amendment right against cruel and unusual punishment. (Pet. at 6P). Petitioner claims that the Board knew California Penal Code § 3041(a) prohibits a lengthier term beyond the maximum eligible parole release date. (Id.) Although no mention of such a provision can be found in § 3041(a)-(e), the Court will nonetheless consider Petitioner's Eighth Amendment claim generally. See Cal. Penal Code § 3041 (discussing parole release dates generally, criteria for setting release dates, and en banc review by the Board, but making no mention of terms beyond the maximum eligible parole release date).[1]

The Supreme Court has held that the Eighth Amendment does not require strict proportionality between crime and sentence; rather, it prohibits extreme sentences that are grossly disproportionate to the crime. Mayfield v. Carey, 747 F.Supp.2d 1200, 1211 (2010). Thus, a criminal sentence may violate the Eight Amendment if it is grossly disproportionate to the crime for which a defendant is convicted. Lockyer v. Andrade, 538 U.S. at 538 U.S. 63, 72 (2003).

Outside the context of capital punishment, a sentence violates the Eighth

---

[1] Respondent argues that Petitioner's Eighth Amendment claim should be dismissed as untimely. (Ans. at 4.) This Court does not address the statute of limitations argument here, but rather denies Petitioner's Eighth Amendment claim on the merits as discussed above.

Amendment only in exceedingly rare and extreme cases. Solem v. Helm, 463 U.S. 277, 289-90 (1983). For example, a sentence to a term of years to life for murder does not typically rise to the level of being cruel and unusual. See Lockyer, 538 U.S. 72-73 (holding that two consecutive twenty-five years to life sentences with the possibility of parole for a "third strike" conviction did not amount to cruel and unusual punishment); Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of twenty-five years to life imposed for felony grand theft under the Three Strikes law did not violate the Eighth Amendment); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life sentence without the possibility of parole for being a felon in possession of a firearm where defendant had an extensive criminal record). Here, Petitioner does not argue the denial of parole resulted in a sentence disproportionate to his crime, nor does he cite any clearly established federal law showing that denial of parole for seven years in circumstances similar to his rises to the level of cruel and unusual punishment.

Petitioner was convicted of second degree murder with a personal firearm enhancement and sentenced to seventeen years to life. (Pet. at 2). The Board's denial makes Petitioner eligible for another hearing in 2016, sixteen years into his minimum seventeen year sentence. (See supra at 7.) In similar circumstances to the instant case, the Mayfield court rejected a prisoner's claim that denial of parole violated his Eighth Amendment rights where the prisoner had been convicted of second degree murder committed in a cruel manner. See Mayfield, 747 F.Supp.2d 1200. There is nothing to distinguish Petitioner's case from Mayfield to justify a different conclusion. Accordingly, this claim is without merit.

## CONCLUSION

The Court concludes that Petitioner has failed to show a violation of his federal constitutional rights in the underlying parole hearing. Accordingly, the petition for writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of

appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Dated: __2/10/2012__                    _____
                                            EDWARD DAVILA
                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JACKSON C. VILLARTA,

        Petitioner,

v.

GARY SWARTHOUT, Warden,

        Respondent.

Case Number: CV10-02619 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/15/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jackson Carraon Villarta P-75967
California State Prison, Solano (SOL)
P. O. Box 4000
Vacaville, CA 95696-4000

Dated: 2/15/2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk