1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JACKSON C. VILLARTA,                    )    No. C 10-02619 EJD (PR)
                                             )
12               Petitioner,                 )    ORDER DENYING MOTION
                                             )    FOR RECONSIDERATION
13     vs.                                   )
                                             )
14                                           )
     GARY SWARTHOUT, Warden,                 )
15                                           )
                 Respondent.                 )
16                                           )
     _____       )    (Docket No. 14)
17

18         Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254, challenging the July 2009 denial of parole by the Board of

20   Parole Hearings (the "Board").  On February 15, 2012, the Court denied the petition,

21   finding that the state court's denial of Petitioner's claims was neither contrary to nor an

22   unreasonable application of federal law, and consequently, Petitioner was not entitled to

23   habeas relief.  Petitioner has filed a "notice of motion and motion in objection to the

24   district court's judges' order denying petition," which the Court construes as a motion for

25   reconsideration.  (Docket No. 14.)

26         Where the court's ruling has resulted in a final judgment or order (e.g., after

27   dismissal or summary judgment motion), a motion for reconsideration may be based

28   either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief

1  from judgment) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors

2  v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  Motions for

3  reconsideration should not be frequently made or freely granted; they are not a substitute

4  for appeal or a means of attacking some perceived error of the court.  See Twentieth

5  Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

6        A motion for reconsideration under Rule 59(e) "'should not be granted, absent

7  highly unusual circumstances, unless the district court is presented with newly discovered

8  evidence, committed clear error, or if there is an intervening change in the law.'"

9  McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

10  A district court does not commit clear error warranting reconsideration when the question

11  before it is a debatable one.  See id. at 1256 (district court did not abuse its discretion in

12  denying reconsideration where question whether it could enter protective order in habeas

13  action limiting Attorney General's use of documents from trial counsel's file was

14  debatable).  Petitioner's motion for reconsideration is not based on newly evidence or an

15  intervening change in the law.  Petitioner contends that the Court erred in finding that

16  Apprendi[1] line of cases did not apply to his Sixth Amendment claim.  (Mot. at 6.)

17  However, Petitioner ignores the fact that Court nevertheless proceeded to analyze his

18  claim with the assumption that Apprendi did apply, and concluded that the denial of

19  parole for seven years did not in fact extend Petitioner's sentence beyond the statutory

20  maximum.  (Docket No. 12 at 7-8.)

21        Alternatively, Rule 60(b) of the Federal Rules of Civil Procedure provides for

22  reconsideration where one or more of the following is shown: (1) mistake, inadvertence,

23  surprise or excusable neglect; (2) newly discovered evidence which by due diligence

24  could not have been discovered before the court's decision; (3) fraud by the adverse party;

25  (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason

26  justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263

27

28        [1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

1   (9th Cir.1993).  Subparagraph (6) requires a showing that the grounds justifying relief are

2   extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong

3   in its decision are not adequate grounds for relief.  See Twentieth Century - Fox Film

4   Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  Motions for reconsideration

5   should not be frequently made or freely granted; they are not a substitute for appeal or a

6   means of attacking some perceived error of the court.  Id.

7        Petitioner fails to allege the provision of Rule 60(b) under which reconsideration is

8   warranted; he alleges no new evidence that could not have been discovered with due

9   diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse

10   party, and no voiding of the judgment.  Petitioner does not provide any extraordinary

11   reason justifying relief.  Accordingly, the motion for reconsideration is DENIED.

12        Petitioner is advised that he may seek a certificate of appealability with the United

13   States Court of Appeals for the Ninth Circuit to appeal this matter.  See United States of

14   Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

15

16   DATED: _____5/8/2012_____                    _____

17                                        EDWARD J. DAVILA
                                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JACKSON C. VILLARTA,

          Petitioner,

  v.

GARY SWARTHOUT, Warden,

          Respondent.

_____/

Case Number: CV10-02619 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/8/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jackson Carraon Villarta P-75967
California State Prison, Solano (SOL)
P. O. Box 4000
Vacaville, CA 95696-4000

Dated: _____5/8/2012_____

                        Richard W. Wieking, Clerk
          /s/ By: Elizabeth Garcia, Deputy Clerk