IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACKSON C. VILLARTA, | ) | No. C 10-02619 EJD (PR) |
| Petitioner, | ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| GARY SWARTHOUT, Warden, | ) ) | |
| Respondent. | ) ) | |
| | ) | (Docket No. 14) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the July 2009 denial of parole by the Board of Parole Hearings (the "Board"). On February 15, 2012, the Court denied the petition, finding that the state court's denial of Petitioner's claims was neither contrary to nor an unreasonable application of federal law, and consequently, Petitioner was not entitled to habeas relief. Petitioner has filed a "notice of motion and motion in objection to the district court's judges' order denying petition," which the Court construes as a motion for reconsideration. (Docket No. 14.)

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief

from judgment) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one.  See id. at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).  Petitioner's motion for reconsideration is not based on newly evidence or an intervening change in the law.  Petitioner contends that the Court erred in finding that Apprendi[1] line of cases did not apply to his Sixth Amendment claim.  (Mot. at 6.) However, Petitioner ignores the fact that Court nevertheless proceeded to analyze his claim with the assumption that Apprendi did apply, and concluded that the denial of parole for seven years did not in fact extend Petitioner's sentence beyond the statutory maximum.  (Docket No. 12 at 7-8.)

Alternatively, Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

(9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. Id.

Petitioner fails to allege the provision of Rule 60(b) under which reconsideration is warranted; he alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment. Petitioner does not provide any extraordinary reason justifying relief. Accordingly, the motion for reconsideration is DENIED.

Petitioner is advised that he may seek a certificate of appealability with the United States Court of Appeals for the Ninth Circuit to appeal this matter. See United States of Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

DATED: 5/8/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JACKSON C. VILLARTA,

      Petitioner,

v.

GARY SWARTHOUT, Warden,

      Respondent.

Case Number: CV10-02619 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/8/2012 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jackson Carraon Villarta P-75967
California State Prison, Solano (SOL)
P. O. Box 4000
Vacaville, CA 95696-4000

Dated:  5/8/2012

      Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk